UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6099-RAO Date: November 5, 2026
Title: Luz Agripina Angeles-Cano v. Fereti Semaia et al.

Present: The Honorable ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE

| C. Delgado | N/A |
| --- | --- |
| Deputy Clerk | Court Reporter/Recorder: N/A |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

1. Introduction

Petitioner, currently in immigration custody and represented by counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on October 15, 2026. Dkt. No. 1 ("Pet."). Respondents filed an Answer on October 23, 2026. Dkt. No. 8. Petitioner filed a Reply on November 3, 2026. Dkt. No. 10.

2. Background

Petitioner, a citizen of Peru, previously filed a habeas petition in this district on March 25, 2026. *See* Case No. 5:26-cv-01436-FLA-RAO (C.D. Cal. Mar. 25, 2026). In the prior action, the district court ordered the government to provide Petitioner with an individualized bond hearing. *See id.*, Dkt. No. 9. That bond hearing occurred on April 27, 2026. At the conclusion of the hearing, the immigration judge ordered Petitioner be detained based on flight risk. Petitioner appealed the bond denial order to the Board of Immigration Appeals (BIA) and submitted a brief in support. On September 14, 2026, the BIA remanded the matter to the immigration judge to prepare a full bond memorandum setting forth the factual findings and legal reasons for the bond order. The appeal remains pending. On August 18, 2026, Petitioner received a *Rodriguez* hearing, and the immigration judge again denied bond on the basis of flight risk.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 5:26-cv-6099-RAO Date: November 5, 2026
Title: Luz Agripina Angeles-Cano v. Fereti Semaia et al.

In the instant action, the Petition states that Petitioner was not provided a Spanish interpreter at the April 27, 2026 hearing, and Petitioner does not speak English. The Petition also states that on July 17, 2026, an immigration judge ordered Petitioner removed. Petitioner appealed the removal order, and that appeal remains pending as well.

3. Discussion

A writ of habeas corpus may be granted to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

The Petition alleges a procedural due process deprivation in the form of meaningful participation in Petitioner's bond hearing, application of the wrong legal standard at the bond hearing, continued detention without adequate process, prolonged detention without a custody hearing, and unreasonably prolonged detention.

In general, courts do not have jurisdiction to review discretionary bond decisions. *See* 8 U.S.C. § 1226(e); *Villa v. Mullin*, 834 F.Supp.3d 957, 961 (C.D. Cal. 2026). In the limited instances in which federal courts may entertain constitutional challenges to an immigration judge's detention determination, the habeas court generally reviews mixed questions of fact and law under an "abuse of discretion" standard. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024). "[A]buse of discretion" review does not involve reweighing the evidence but rather determining whether the immigration court "applied the correct legal standard." *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)).

Applying this deferential standard, the Court is unable to conclude that the immigration judge abused discretion because the record is silent regarding whether Petitioner was provided a Spanish-interpreter at the bond hearing. While the record establishes that Petitioner is actively pursuing her appeal of the immigration judge's

denial of bond, her brief in support of the appeal oddly makes no reference to the lack of a Spanish interpreter during the bond hearing. Petitioner offers no explanation for the omission of this claim from her appeal.

Before addressing the merits of Petitioner's claim, the Court examines whether Petitioner should be required to exhaust this claim before the BIA before pursuing habeas relief. Because it is not apparent that Petitioner can amend the claims raised in the pending appeal before the BIA, the Court excuses the exhaustion requirement, which is prudential and not jurisdictional. *See Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018).

Turning to the merits, it is settled law that due process entitles an individual in immigration proceedings to have those proceedings translated into a language the individual understands. *Perez-Lastor v. I.N.S.*, 208 F.3d 773, 778 (9th Cir. 1999). Respondents have not rebutted—either with a transcript or a copy of the audio recording of the April 27, 2026 hearing—Petitioner's statement that she was not provided a Spanish interpreter. Accordingly, on this record, the Court finds that Petitioner's due process right to meaningfully participate in her immigration proceedings was violated.

"Federal courts have a fair amount of flexibility in fashioning specific habeas relief." *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release or ordered that Respondents provide petitioner with a new constitutionally adequate bond hearing." *Perez Velazquez v. Bondi*, 2026 WL 1042479, at *7 (S.D. Cal. 2026) (citations omitted) (cleaned up). Here, the Court orders that Respondents provide Petitioner with a new bond hearing at which she be assisted with a Spanish interpreter.[1]

---

[1] The Court finds that Petitioner has not established that she is entitled to relief in the form of release.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | 5:26-cv-6099-RAO | Date: | November 5, 2026 |
| Title: | Luz Agripina Angeles-Cano v. Fereti Semaia et al. | | |

The Court has considered and rejected Petitioner's remaining claims, including Petitioner's claim that she is entitled to release under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Petitioner's removal order is not final and thus she is not detained under 8 U.S.C. § 1231(a)(6). Her *Zadvydas* claim is without merit. The Petition's claim that the immigration judge applied the wrong standard at the April 27, 2026, is not supported by any facts regarding what standard was applied; and lastly, the August 18, 2026 *Rodriguez* hearing—which Petitioner does not challenge—undercuts the Petitioner's claims that Petitioner has been denied adequate process since she filed her previous habeas action.

4. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART the Petition. It is hereby ORDERED that within 14 days of this Order, Respondents shall provide Petitioner with a new bond hearing at which she be assisted with a Spanish interpreter. At the hearing, Respondents shall have the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a risk of flight.

**IT IS SO ORDERED.**